DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JOSUE NAVARRO, ) <br> ) <br> Defendant. ) <br> _____ ) | Criminal Action No. 2017-0029 |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Josue Navarro's ("Defendant") "Memorandum of Law in Support of Motion for Habeas Corpus Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Extraordinary and Compelling Circumstances" ("Motion") (Dkt. No. 82); the Government's Opposition thereto (Dkt. No. 83); Defendant's Reply (Dkt. No. 86); the Government's Sur-Reply (Dkt. No. 89); and the "Government's Notice of Change in Position Regarding Administrative Exhaustion" (Dkt. No. 90). For the reasons discussed below, Defendant's Motion will be denied.

### I.     BACKGROUND

On November 8, 2018, Defendant pleaded guilty to one count of Attempted Coercion and Enticement for Illegal Sexual Activity. (Dkt. No. 58). On February 21, 2019, this Court sentenced

Defendant to 30 months imprisonment. (Dkt. No. 78). Defendant is currently imprisoned at Federal Correctional Institute Seagoville ("FCI Seagoville") in Texas. (Dkt. Nos. 82 at 1, 83 at 1).

In the instant Motion, Defendant asks the Court to release him to home confinement for the remainder of his sentence. (Dkt. No. 82 at 1). In support of this request, Defendant asserts that FCI Seagoville has experienced the largest outbreak of COVID-19 in the Bureau of Prisons ("BOP") and that over 50% of the inmate population there has the virus. *Id*. In his Reply, Defendant argues that he has exhausted his administrative remedies—attaching an exhibit that shows that the Warden of FCI Seagoville denied his request for compassionate release on April 22, 2020. (Dkt. Nos. 86 at 2, 86-2). Defendant also argues that although he is not "an older person with a terminal medical condition," extraordinary and compelling reasons for his release exist because he has tested positive for COVID-19. *Id*. at 5-6. Defendant also contends that the conditions at FCI Seagoville constitute extraordinary and compelling reasons for his release, reiterating his claim that it is the "hardest hit facility in the BOP" and asserting that it does not permit social distancing, supply the requisite personal protective equipment, or follow the Centers for Disease Control and Prevention's protocols to keep the prison population or its staff safe. *Id*. at 6-8.

The Government opposes Defendant's Motion, arguing that Defendant has not met the "extraordinary and compelling reasons" criteria for release. (Dkt. Nos. 83, 89).[1] The Government argues that "[c]lassifying COVID-19 as an extraordinary and compelling reason would be inconsistent with the text of the compassionate release statute and the Sentencing Commission's policy statement." (Dkt. No. 89 at 6). The Government also contends that "the mere existence of

---

[1] The Government originally argued that Defendant also had not exhausted his administrative remedies. (Dkt. Nos. 83, 89). However, the Government subsequently filed its "Government's Notice of Change in Position Regarding Administrative Exhaustion" (Dkt. No. 90) and now concedes that Defendant has, in fact, exhausted his administrative remedies in light of the Third Circuit panel opinion in *United States v. Harris*, 812 F. App'x 106 (3d Cir. 2020).

COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." (Dkt. Nos. 83 at 14, 89 at 6) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

## II. DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. One such authority is found in the First Step Act, which allows the court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c).

### A. 30-Day Requirement

The Court finds that it has jurisdiction to review this matter because Defendant has satisfied the 30-day requirement. While there is nothing on the record that reveals the exact date that Defendant submitted his request for release to the warden of FCI Seagoville, the record establishes that the warden denied his request on April 22, 2020 (Dkt. No. 86 at 2, Ex. 3) and that Defendant filed the instant Motion on July 24, 2020 (Dkt. No. 82). Because the Motion was filed over 30 days from the date of the warden's denial—and thus, necessarily, over 30 days from the date that

3

Defendant submitted his request to the warden—the Court finds that the 30-day exhaustion requirement has been satisfied. *Harris*, 812 F. App'x at 107 (concluding that a defendant may file a motion for compassionate release once thirty days have elapsed after the warden receives the request, even if the warden denies the request within the thirty-day period); *see also Raia*, 954 F.3d at 595 (3d Cir. 2020) ("But before they [file a compassionate release motion], defendants must at least ask the BOP to do so on their behalf and give the BOP thirty days to respond.").

### B.     Extraordinary and Compelling Reasons

The Court now turns to whether Defendant has established that "extraordinary and compelling reasons" warrant a reduction of his sentence. Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). In response, the Sentencing Commission issued a policy statement which includes an application note that lists three specific circumstances and a fourth general catchall provision that qualify as "extraordinary and compelling" reasons that warrant a reduction of a sentence. U.S.S.G. § 1B1.13, Application Note 1(A)-(C). The three specific circumstances are: (1) a "terminal illness" or a "serious medical condition," "functional impairment," or "cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (2) the defendant "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," "and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;" and (3) certain family circumstances exist where

4

the caregiver of the defendant's minor child(ren) has died or become incapacitated or the defendant would be "the only available caregiver" for his or her spouse or registered partner. *Id.*[2]

While the Third Circuit has not articulated a specific standard to be applied to compassionate release motions in the context of the COVID-19 pandemic, a panel of the Third Circuit has generally observed that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner . . . ." *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). From that ruling, certain courts within the Third Circuit have inferred that a prisoner seeking release due to COVID-19 must at least show: "(1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020); *see also United States v. Gray*, 2020 WL 5350444, at *1 (W.D. Pa. Sept. 4, 2020) ("[A] medically compromised prisoner's showing of non-speculative risk of exposure to COVID-19 can justify compassionate release . . . ."); *United States v. McKinnon*, 2020 WL 4530737, at *2 (M.D. Pa. Aug. 6, 2020); *United States v. Boyce*, 2020 WL 3268930, at *3 (D. Del. June 17, 2020). This Court agrees that a showing of this nature would merit the Court's consideration of a request for compassionate release.

---

[2] The general catchall provision provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." U.S.S.G. § 1B1.13, Application Note 1(D).

Here, Defendant submits that an exhibit showing that he was diagnosed with asymptomatic COVID-19[3] effective July 12, 2020, together with the conditions at FCI Seagoville warrant his release. (Dkt. No. 86 at 6-8). Defendant also argues that "extraordinary and compelling reasons" exist because: "(1) there is no evidence to show that he is not still COVID-positive; (2) even if he is not COVID-positive now, the possibility of relapse or reinfection is unknown and unpredictable; and (3) if he does suffer reinfection, his reaction and the long term effects could be more severe, if not fatal, because of his prior exposure." (Dkt. No. 86 at 12, Ex. B). However, Defendant concedes that he is not "an older person with a terminal medical condition." *Id*. at 5.

The Court finds that Defendant has failed to establish that extraordinary and compelling reasons exist for his release under the circumstances here. First, the Court finds that the alleged conditions at FCI Seagoville alone do not warrant compassionate release.[4] Even if, in fact, an actual, non-speculative risk of exposure to the virus exists at FCI Seagoville as a result of a COVID-19 outbreak, Defendant's argument fails without a showing that he also has a sufficiently

---

[3] Defendant states that "[a]lthough the Health services report dated July 12, 2020, shows that he is asymptomatic, [he] continues to report that he suffers from a dry cough, shortness of breath and aching bones/joints." (Dkt. No. 86 at 8). The Court will rely on Defendant's official medical report which reflects the diagnosis as "asymptomatic COVID-19." (Dkt. No. 86-1).

[4] One case to which Defendant cites—*United States v. Kelly*—stands for the proposition that the BOP's alleged failure to control outbreaks at certain facilities constitutes an "extraordinary and compelling" reason to warrant compassionate release. 2020 WL 2104241, at *7 (S.D. Miss. May 1, 2020). This Court concludes, however, that an outbreak of COVID-19 at a facility—alone—is not sufficient to warrant such release. *See, e.g.*, *United States v. Ordaz*, 2020 WL 5993289, at *7 (E.D. Pa. Oct. 9, 2020) (concluding that, even though the defendant had shown that an outbreak of COVID-19 existed at her facility, she had "not shown the kind of particularized vulnerability to COVID-19 and its effects required to constitute compelling reasons for release."); *United States v. Falci*, 2020 WL 3410914, at *5 (D.N.J. June 22, 2020) (finding that while the conditions at the 60-year-old defendant's facility were concerning, extraordinary and compelling reasons did not exist because the defendant had "not demonstrated a sufficiently heightened medical risk with respect to COVID-19 . . . ."); *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denying a motion for compassionate release for a 28-year-old inmate at a facility with a COVID-19 outbreak).

serious medical condition, or advanced age, that places him at a uniquely high risk of grave illness or death if he is still infected with asymptomatic COVID-19 or is reinfected by the virus. *See, e.g.*, *Somerville*, 463 F. Supp. 3d at 597. As Defendant concedes, he is neither suffering from a terminal medical condition nor is he elderly—in fact, he is 38 years old. (Dkt. No. 86 at 14). While Defendant has been diagnosed with asymptomatic COVID-19, this Court concludes that Defendant's diagnosis does not qualify as a medical condition warranting release. *See, e.g.*, *United States v. Hilts*, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020) (finding that any risk to the defendant that COVID-19 poses was minimized because he already tested positive for COVID-19 and did not suffer from any complications); *United States v. Bogdanoff*, 2020 WL 2307315, at *5 (E.D. Pa. May 8, 2020) (pointing out that an inmate at a facility with a "massive outbreak of the COVID-19 virus" did not present any evidence about how his heart issues, in conjunction with his positive, yet asymptomatic, case of COVID-19 met the existing standard); *United States v. Pierre*, 2020 WL 6785328, at *6 (E.D. Cal. Nov. 18, 2020) (denying a motion for compassionate release for a defendant with mild asthma and who had seemingly recovered from asymptomatic COVID-19 at a facility with an outbreak); *United States v. Cabrera*, 2020 WL 2549941, at *4 (C.D. Ill. May 19, 2020) (denying a motion for compassionate release for a 46-year-old defendant with hypertension who contracted asymptomatic COVID-19 at a facility with a COVID-19 outbreak); *United States v. Krietzman*, 2020 WL 4368191, at *3 (N.D. Cal. July 30, 2020) (concluding that the defendant's asymptomatic COVID-19 diagnosis was "not a medical condition that qualifies as an 'extraordinary and compelling reason['] to modify his sentence . . . .").

Second, Defendant's arguments concerning the uncertainties surrounding whether he is still COVID-positive and whether he might suffer from a relapse or reinfection with potentially more severe consequences because of prior exposure do not advance his cause. As discussed

above, Defendant's asymptomatic COVID-19 diagnosis does not constitute an extraordinary and compelling reason for release. Further, if he has since recovered from the virus, Defendant's prior COVID-19 infection does not serve as an extraordinary and compelling reason for release under the circumstances here. *See, e.g.*, *United States v. Korbe*, 2020 WL 6384368, at *3 (W.D. Pa. Oct. 30, 2020) (denying a motion for compassionate release for an inmate who had recovered from COVID-19 and did not show that she had "any underlying medical conditions that place her at a uniquely high risk of illness or death . . . ."); *United States v. Anico*, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9, 2020) ("As I find that [the defendant's] medical conditions do not rise to the level that increases his likelihood of an adverse outcome from COVID-19, especially since he has already contracted and recovered from the virus, his motion for compassionate release will be denied."). Moreover, the possibility of reinfection does not alter this conclusion. *See, e.g.*, *United States v. Manzo*, 2020 WL 6786898, at *4 (E.D. Wash. Nov. 18, 2020) (rejecting a 45-year-old defendant's argument that he is entitled to compassionate release because "he is at risk of reinfection and is particularly vulnerable to complications from COVID-19 because he has already contracted it."); *see also United States v. Calloway*, 2020 WL 7480295, at *3 (E.D. Pa. Dec. 18, 2020) ("[T]he possibility of reinfection is not an extraordinary and compelling reason for compassionate release, particularly where a defendant presented no symptoms in his first experience with the virus."); *United States v. Wiltshire*, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) (concluding that "the risk of reinfection after a prior positive test for COVID-19 is not a basis for compassionate release"

particularly where the inmate "had the good fortune to be asymptomatic and has made an apparent full recovery.").[5]  Thus, Defendant's arguments are unavailing.[6]

### III.   CONCLUSION

While the COVID-19 pandemic remains ever present and the Court appreciates the danger posed thereby, the Court finds that "extraordinary and compelling reasons" do not exist here that warrant compassionate release. Accordingly, the Court will deny Defendant's Motion.

An appropriate Order accompanies this Memorandum Opinion.

Date:   January 4, 2021                                             _____/s/_____
                                                                                         WILMA A. LEWIS
                                                                                         Chief Judge

---

[5] While Defendant cites to numerous cases that purportedly support his contentions, they are seemingly inapposite. Indeed, all of the cases upon which Defendant relies that the Court was able to locate—except for *Kelly*, which was previously discussed and with which the Court disagrees—involve circumstances in which the defendant had underlying health conditions. *See, e.g.*, *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (granting a defendant's motion for compassionate release in part because the defendant had "[t]ype 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and 'abnormal liver enzymes in a pattern most consistent with non-alcoholic fatty liver disease.'") (citation omitted); *United States v. Davis*, 468 F. Supp. 3d 1243, 1245 (E.D. Cal. 2020) (granting a motion for compassionate release in a case where the defendant was COVID-positive; 74 years old; and suffered from "many medical conditions, including chronic obstruction pulmonary disease ('COPD'), atrial fibrillation, edema, and high blood pressure."); *United States v. Sholler*, 445 F. Supp. 3d 265, 270 (N.D. Cal. 2020) (granting a motion for compassionate release for a defendant who was 73 years old and had been diagnosed with "Parkinson's disease, major depressive disorder, acute sinusitis, diabetes mellitus (type II), hyperlipidemia, ulcerative colitis, and COVID-19 virus infection."); *United States v. Arceo*, 2020 WL 4001339, *2 (N.D. Cal. July 15, 2020) (acknowledging the COVID-19 outbreak at FCI Seagoville and ultimately deciding to reduce the defendant's sentence in part because the defendant's "hypertension, type 2 diabetes mellitus, and obesity place him at an elevated risk for severe COVID-19 complications.").

[6] In view of Defendant's failure to show that he has a sufficiently serious medical condition, or advanced age, that places him at a uniquely high risk of grave illness or death if infected with COVID-19, the Court need not address whether Defendant has shown a non-speculative risk of exposure to COVID-19 at the facility where he is held or the Section 3553(a) factors.